IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| STEPHEN EUGENE HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-cv-04017-SLD-JAG |
| | ) | |
| ROCK ISLAND HOUSING AUTHORITY | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is Plaintiff Stephen Eugene Hunter's Supplement, ECF No. 7, to his Motion to Appoint Counsel, ECF No. 3, which was previously denied by this Court. In its June 17, 2013 Order, the Court directed Hunter to "file a supplemental motion explaining what concrete steps he has taken to obtain counsel, and, in the event Hunter still does not have an attorney, why his attempts to obtain counsel were unsuccessful. Hunter shall also explain why this case is so complex that he cannot litigate it himself." Hunter filed a letter with the Clerk's office on July 16, 2013, which the Court has interpreted as a Supplement to his Motion to Appoint Counsel in response to the June 17, 2013 Order. For the following reasons, the Court DENIES Hunter's Supplement to his Motion to Appoint Counsel.

In its discretion, a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e). However, "parties to civil litigation have no right to counsel." *Thornhill v. Cox*, 113 Fed. App'x 179, 181 (7th Cir. 2004). When faced with a request to appoint counsel, this Court must determine: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the

1

difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

As indicated in its March 19, 2013 Order, it is this Court's determination that Plaintiff is indigent. Furthermore, in his Supplement, Plaintiff provides some support for his claim that he has sought legal representation. He states that he "contacted five law firms in the area, including the largest two" and explains the responses of each. Plaintiff has also provided evidence bearing on his competency to litigate his claim for himself. He states that "Age, physical condition, education should come into play here! !!!" and described some of those characteristics in his previous letter—"I am still legally blind, senior citizen, low (fixed) income, a double, amputee! !!!" The Court's June 17, 2013 Order, however, directed Plaintiff to explain why his claim is so complex or intricate that a trained attorney is necessary. Plaintiff has not made any such explanation. Therefore, the Court cannot find Plaintiff incapable of adequately presenting his case, and Plaintiff's Supplement to his Motion to Appoint Counsel, ECF No. 7, is DENIED.

Entered this 8th day of October, 2013.

_s/ Sara Darrow_
SARA DARROW
UNITED STATES DISTRICT JUDGE
